THADDEUS W. BEVERLY *v.* CITY OF HATTIESBURG.

1. QUO WARRANTO. *Code* 1892, § 3521. *Proper parties. Relator. Municipality. Policeman.*

   Under Code 1892, § 3521, regulating the trial of the right to hold office, the municipality which created the office may be the relator in a *quo warranto* proceeding, instituted by the district attorney, to oust an intruder who has usurped the office of policeman.

2. SAME. *Information.*

   An information in such case, showing that the office is an existing one, was created by the municipality, and that defendant is exercising its functions without warrant, is sufficient, although it does not charge that the office was created anterior to the date when defendant is averred to have begun the course of conduct constituting the usurpation.

FROM the circuit court of, second district, Perry county.

HON. JOHN R. ENOCHS, Judge.

The district attorney, suing on the relation of the city of Hattiesburg, appellee, was plaintiff, and Beverly, appellant, was defendant, in the court below. From a judgment in plaintiff's favor defendant appealed to the supreme court. The case turned wholly on the sufficiency of the information, in the nature of a *quo warranto,* to which defendant's demurrer was overruled.

The petition avers that the city of Hattiesburg is a municipal corporation operating under the provisions of ch. 93 of the code of 1892, and is authorized to sue and be sued; that defendant, Beverly, has unlawfully usurped the office of policeman, the same being an office created by the mayor and board of aldermen of said city, now existing as a public office since the 14th of January, 1903; and that he usurped the functions thereof without any warrant, right, or authority of law, to the

injury and detriment of the public of said city. The defendant demurred to the petition, and assigned the following causes of demurrer: The relator is a corporation, and not an individual person, as the law contemplates. It fails to show whether the said office was created prior to the usurpation by the defendant. It does not show that the city of Hattiesburg has sufficient interest in said office.

[For a preceding chapter in the history of Beverly's controversy with Hattiesburg, see *Beverly* v. *Hattiesburg, ante.,* p. 342.]

*Parks & Davis,* for appellant.

At common law the relator in *quo warranto* proceedings had to be a natural person having an interest in the cause, and Code 1892, § 3521, which says: "The proceedings in such case shall be by information in the name of the state by the attorney general or the district attorney on his own motion, or on relation of another," refers only to a natural person interested as the common law requires.

The pleading is too vague and indefinite, and could operate to the appellant's prejudice, because when required to plead more definitely the facts may be shown that the office of policeman was created subsequent to the 14th of January, 1903. If the fact be as supposed, the defendant could not have been guilty of usurpation on January 14th, as stated, and could not be subjected, in case judgment be rendered against him, to the payment of emoluments of office received since January. 14, 1903.

As to what constitutes sufficient interest of relator, see *Commonwealth* v. *Cluley,* 56 Pa. St., 270, and cases cited.

*Hartfield & McLaurin,* for appellee.

Appellant contends that the relator cannot maintain this action, that the law contemplates that the relator shall be an indi-

vidual person. This is not the law; the office of policeman was created by the mayor and board of aldermen of Hattiesburg, as they alone had power to create such office under the law, code, § 2940. This proceeding is to oust the appellant from that office, and not to oust him out of another office, hence it is proper for the relator to prosecute this suit, it being for ouster only. · The right to inquire into the authority by which a person· assumes to exercise the functions of an office, and to remove him, if he be an usurper, is inherent in the people in their sovereign capacity; and the proceedings must be taken in the name of the sovereign power from which the office proceeds. See Throop on Public Officers, sec. 779.

The authorities of a municipal corporation not only have power to test the right of a person' to a municipal office, but it is their duty to do so, and to see that no one shall exercise the functions of a municipal office without proper authority. ; It is the exercise of a proper governmental power for them to do so, and their duty to protect the public from usurpers.

The city, as a government, has a vital interest in its offices, and in seeing that they are filled by persons who are duly authorized to fill them. The welfare of the inhabitants demand that the city should not permit usurpers to exercise the functions of its offices. High's Extraordinary Legal Remedies (2d ed.), sec. 701, and authorities there cited. Throop on Public Officers, secs. 781 and 782, and authorities cited.

CALHOON, J., delivered the opinion of the court.

The demurrer to the information in the *quo warranto* proceeding was properly overruled. The information was in the name of the state, by the proper district attorney, on the relation of the city of Hattiesburg, to oust a policeman alleged to be a usurper of that office. Code 1892, § 3521. The relator in such proceeding need not necessarily be an individual. A municipal corporaton, empowered to sue and liable to be sued, may be the relator, and, in the case before us, ought to be.

The objection that the information does not specifically aver that the office usurped was created before the date charged as that of the commencement of the usurpation is too technical and refined. It is charged that it was an office created by the municipal board, and that it is now existing, and that Beverly is exercising its functions without warrant of law. This is enough.

The third ground of demurrer—that it is not shown that the city has sufficient interest to become relator—is equally untenable; it being shown that it created the office usurped, and was under the duty to protect its citizens by an efficient police.

The costs were properly adjudged against defendant by the court below, and are taxed against him here.

*Affirmed.*